UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| IRVIN JUNIOR PHILLIPS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:20-CV-248-TAV-HBG |
| | ) | 3:15-CR-102-TAV-HBG-1 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

Petitioner Irvin Junior Phillips has filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 2]. The government has responded in opposition [Doc. 4], and Petitioner replied [Doc. 5]. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[1] and the motion will be **DENIED**.

### I. Background[2]

Petitioner was stopped by law enforcement in 2015 on suspicion of driving while intoxicated [Doc. 24 p. 1]. During the stop, police discovered a pistol and ammunition in Petitioner's vehicle [*Id.*]. Petitioner was charged with and pleaded guilty to violating

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

[2] Citations in this section refer to the criminal case, 3:15-CR-102-1.

18 U.S.C. § 922(g)(1) for possessing a firearm as a felon [Doc. 1; Doc. 26]. At sentencing, Petitioner objected to the PSR's classification of two previous convictions[3] as "violent felonies" under the Armed Career Criminal Act ("ACCA") [Doc. 31]. The Court overruled Petitioner's objections at sentencing and imposed a sentence of 180 months' imprisonment as required by the ACCA [Doc. 45 p. 52–63]. Subsequently Petitioner appealed the sentence on two grounds, challenging: (1) the status of his 2009 aggravated assault conviction as a violent felony and (2) the validity of *Almendarez-Torres v. United States*. *See United States v. Phillips*, 768 F. App'x 474, 475 (6th Cir. 2019). The Sixth Circuit rejected both of Petitioner's arguments on appeal and affirmed the sentence imposed by the Court [Doc. 46]. The Supreme Court denied Petitioner's writ of certiorari in October 2019, and his conviction became final [Doc. 49].

Petitioner then timely filed this motion to vacate, set aside, or correct his sentence on June 4, 2020 arguing ineffective assistance of counsel by his appellate attorney [Doc. 50].

## II.    Analysis

Petitioner argues his appellate counsel was constitutionally ineffective for failing to raise two of the preserved objections concerning the Court's determination that his previous convictions were predicate offenses [Doc. 1 p. 13]. The arguments concern the

---

[3] Petitioner entered an *Alford* plea for both previous convictions at issue in this case. The Supreme Court has held that an *Alford* plea admits every essential element of the offense. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *Lott v. United States*, 367 U.S. 421, 425 (1961).

applicability of the ACCA to Petitioner's 2006 conviction for aggravated assault and 2008 conviction for attempted aggravated assault [*Id.*].

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). He must clear a significantly higher hurdle than would exist on direct appeal, *United States v. Frady*, 456 U.S. 152, 153 (1982), and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). None of Petitioner's claims offer relief.

### A. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). The Sixth Amendment guarantees criminal defendants the right to "reasonably effective assistance" of counsel. *Strickland v.*

3

*Washington*, 466 U.S. 668, 687 (1984). A petitioner alleging ineffective assistance of counsel must fulfill two criteria in either order. First, a petitioner must establish that his counsel's performance was deficient, that is, falling "below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. Consequently, counsel is "not required to raise meritless arguments." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that his attorney's deficient performance prejudiced his defense, in the sense that defendant must show "there is a reasonable probability that, but for counsel's [] errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

If a petitioner fails to establish both deficiency and prejudice, the claim must be rejected. *Id.* at 697. Thus, "the inability to prove either one of the prongs – regardless of which one – relieves the court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*). Appellate counsel is held to this same standard. *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004).

4

### 1. The ACCA and Tennessee T.C.A. § 39-13-102

Under the ACCA, a "violent felony" is a crime which "has as an element the use, attempted use, or threatened use of physical force against the person of another," and "is punishable by a term of imprisonment exceeding one year." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has further clarified that the force used must be violent force. *Johnson v. United States*, 559 U.S. 133, 140 (2010). Under Tennessee law, the crime of aggravated assault encompasses multiple variants. *See* T.C.A. § 39-13-102. At issue in this case is section (a) of T.C.A. § 39-13-102[4] which reads:

> (a) A person commits aggravated assault who:
>   (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:
>     (A) Causes serious bodily injury to another; or
>     (B) Uses or displays a deadly weapon; or
>   (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:
>     (A) Causes serious bodily injury to another; or
>     (B) Uses or displays a deadly weapon.

T.C.A. § 39-13-102(a). T.C.A. § 39-13-101 further provides that "[a] person commits assault who: (1) [i]ntentionally, knowingly or recklessly causes bodily injury to another; [or] (2) [i]ntentionally or knowingly causes another to reasonably fear imminent bodily injury."

The Sixth Circuit has held that because a person can be convicted under one or more variants of the Tennessee aggravated assault statute, each of which requires the government

---

[4] All references to T.C.A. concern the version effective between June 7, 2005 and June 8, 2009.

Case 3:15-cr-00102-TAV-HBG   Document 51   Filed 07/26/21   Page 5 of 9   PageID #: 1150

to prove separate elements, the statute is divisible. *United States v. Cooper*, 739 F.3d 873, 880 n.2 (6th Cir. 2014). Accordingly, the Court may and will consider *Shepard* documents in this case. *Shepard v. United States*, 544 U.S. 13 (2005) (the Court may consider a limited class of documents, including the charging documents, plea agreements, plea colloquies, and jury instructions to determine of which variant a defendant was convicted); *Descamps v. United States*, 570 U.S. 254, 257 (2013) (stating the Court may consider such documents when a statute is divisible).

Further the Court notes the Sixth Circuit has repeatedly held that Tennessee's intentional or knowing aggravated assault variant under T.C.A § 39-13-102(a)(1) qualifies as a "violent felony" under the ACCA. *E.g., Davis v. United States*, 900 F.3d 733, 736 (6th Cir. 2018). The Supreme Court has recently held that the ACCA's "violent felony" definition does not cover reckless aggravated assault under T.C.A. § 39-13-102(a)(2). *Borden v. United States*, No. 19-5410 (U.S. Jun 10, 2021). The Court notes the government's analysis of the aggravated assault statute, its incorporation of the regular assault statute, and the conclusion that the language of the charging documents demonstrate that Petitioner's offense qualifies under T.C.A. § 39-13-102(a)(1) [Doc. 4 p. 8]. This Court agrees.

### 2. 2006 Tennessee Aggravated Assault Conviction

Petitioner is unable to meet his burden demonstrating counsel was ineffective, since the conviction qualifies as a "violent felony," and appellate counsel's decision not to raise

the issue would not have prejudiced Petitioner. Petitioner acknowledged in his plea colloquy that he was pleading to an offense that would fall into the class "C" sentencing range [Doc. 31-1 p. 17, 3:15-CR-102-1]. Furthermore, Petitioner also acknowledges that the state would be required to prove that he "unlawfully, intentionally, and knowingly cause[d] fear or bodily injury to another by use of threat or by use of a deadly weapon" [*Id.* at p. 18]. Under Tennessee law the intentional or knowing variant of aggravated assault qualifies as a class "C" felony, while the reckless variant is a class "D" felony. T.C.A. § 39-13-102(d)(1). Therefore, the record shows that the plea was not based on T.C.A. § 39-13-102(a)(2), but instead based on (a)(1)(B); which, has repeatedly been upheld by the Sixth Circuit as qualifying under the ACCA. Since, as previously noted, such an argument would not have affected the outcome of the appeal, Petitioner cannot show he was prejudiced by the failure to raise the objection. *Ludwig*, 162 F.3d, 459 (6th Cir. 1998) (holding counsel is "not required to raise meritless arguments").

### 3. 2008 Tennessee Attempted Aggravated Assault Conviction

Petitioner is again unable to meet his burden as to the attempted aggravated assault conviction since the conviction qualifies as a "violent felony" and he was not prejudiced by failure to raise this objection. Petitioner was originally charged with aggravated assault which was later changed to attempted aggravated assault [Doc. 31-2 p. 13, 3:15-CR-102-1]. In his plea colloquy, Petitioner acknowledges he was originally charged with a class "C" felony which was being amended to a Class "D" attempt felony

7

[*Id.* pp. 12–13]. Petitioner also acknowledges that the state would be required to prove he "attempt[ed] to cause bodily injury to another while displaying a deadly weapon" [*Id.* p. 14]. The fact Petitioner entered a plea as to a "D[5]" attempt felony establishes that he must have pleaded to an intentional or knowing aggravated assault. Further, the fact the state court made no mention of attempting to cause serious bodily harm as a requirement establishes that he was sentenced for intentionally or knowingly committing assault with the use or display of a deadly weapon under T.C.A. § 39-13-102(a)(1)(B), rather than the serious bodily harm variant under (a)(1)(A). The Sixth Circuit has upheld convictions under (a)(1) as a qualifying "violent felony" under the ACCA. Petitioner cannot show he was prejudiced by the failure to raise the objection, and this argument is rejected.

## III. Conclusion

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, his motion to vacate, set aside or correct his sentence [Doc. 2] will be **DENIED**, and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions,

---

[5] Under Tennessee law, attempts are subject to a sentence one class below the predicate offense's sentencing class; therefore class "C" felonies become class "D" attempted felonies. T.C.A. § 39-12-107(a).

8

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE